UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL W. FOSTER,                    )
                                     )
           Petitioner,               )
                                     )
    v.                               )        No. 4:98 CV 899 DDN
                                     )
MICHAEL KEMNA,                       )
                                     )
           Respondent.               )

## MEMORANDUM AND ORDER

This matter is before the court on petitioner Daniel W. Foster's motion for relief from judgment under Fed. R. Civ. P. 60(b)(6).  (Doc. 152).  In effect, this is a motion for reconsideration of this court's dismissal of his petition for a writ of habeas corpus.  The motion is denied.

Petitioner filed his § 2254 petition for habeas corpus on May 22, 1998.  (Doc. 1). This court dismissed the petition with prejudice on July 25, 2001.  (Doc. 91).  Petitioner appealed the dismissal and the appeal was denied on February 27, 2002.  (Doc. 113). Petitioner has filed numerous motions for reconsideration or other relief since that time: in July 2002 (Doc. 114), in August 2006 (Doc. 116), in May 2011 (Doc. 118), and the instant motion for reconsideration, filed June 5, 2017.  (Doc. 152).

Petitioner's motion contains no allegation that would show he is entitled to relief under Fed. R. Civ. P. 60(b) from the order dismissing the habeas petition.  Petitioner argues that this court erred in reviewing the facts *de novo* and in stating that he had no right to counsel for his post-conviction motions.  A review of this court's order shows that this court deferred to the state court's fact findings and did not make *de novo* fact findings.  (Doc. 91).  A review of Supreme Court precedent shows that a state court's finding that a defendant has no right to counsel for post-trial motions is not contrary to federal law.  *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450, 185 L. Ed. 2d 540 (2013).

Moreover, this court reasoned that even if there were such a right and counsel's failure violated that right, there was no prejudice to petitioner because he filed a *pro se* motion for new trial.

Petitioner has not demonstrated that the court erred in dismissing this case, and the court dismissed this case more than fifteen years ago. As a result, the motion for reconsideration is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b)(6) (Doc. 152) is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability **is DENIED,** because petitioner has made no substantial showing that he has been deprived of a constitutional right. 28 U.S.C. § 2253(c).


_____/s/ David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**


Signed on June 9, 2017.